UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA          CASE NO. 00-6345-CR-DIMITROULEAS

v.

GARRY TODD LEFTON

_____/

### DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE

Defendant, Garry Todd Lefton, through his undersigned counsel and pursuant to
U.S.S.G. §5K2.0, moves for a downward departure on the following grounds:

1.     Defendant seeks a downward departure from the guidelines, to provide
the Defendant with credit for the time served in state custody from the date of his arrest
until his transfer to federal custody.

2.     In essence, the state authorities kept the Defendant in custody for
approximately 39 days, never intending to prosecute him because they were cognizant
of the fact that the federal authorities intended to indict the Defendant. Absent a
downward departure, the Defendant will not receive credit from the Bureau of Prisons
for this time served for the instant offense.

3.     Defendant seeks a downward departure from the guidelines on the
grounds that his extraordinary medical condition, sleep apnea, caused him to be unable
to sleep for hours on end.

4.     As a direct consequence of inability to sleep, the Defendant spent nights
surfing the Internet. As a result of these activities, the Defendant received unsolicited

NON-COMPLIANCE OF S.D. fla. L.R. $\frac{7.1}{}$.AY

child pornography, thereby leading to his arrest in the instant case.

5.    The Defendant seeks a downward departure on the grounds that his conduct in the instant case was a single aberrational act.

## MEMORANDUM OF LAW

### A. Introduction

The Defendant seeks a departure on the aforementioned grounds, recognizing that it is his burden to establish his entitlement to a departure. *See United States v. Wilson*, 884 F.2d 1355, 1356 (11th Cir.1989)("The guidelines contemplate that the government has the burden of proving the applicability of sections which would enhance the offense level and the defendant has the burden of proving the applicability of guideline sections which would reduce the offense level."); *United States v. Miller*, 78 F.3d 507, 511-12 (11th Cir.1996)(applying *Wilson*'s logic to a downward departure case).

Departures under U.S.S.G. §5K2.0 are "reserved for 'unusual' cases where there is something atypical about the defendant or the circumstances surrounding the commission of the crime which significantly differ from the normal or 'heartland' conduct in the commission of the crime." *United States v. Gonzalez-Lopez*, 911 F.2d 542, 549 (11th Cir.1990).   When a district court finds that a downward departure is merited, therefore, it must "articulate the specific mitigating circumstances upon which it relies and the reasons these circumstances are of a kind, or to a degree, not adequately

2

taken into consideration by the Sentencing Commission." *United States v. Baker*, 19 F.3d 605, 616 (11th Cir.1994).

B. Departure to allow for credit served in State Custody

U.S.S.G. §5G1.3 gives the district court the authority to give the defendant credit for time served on his undischarged state sentence imposed for the same conduct forming the basis for his federal sentence. *See, e.g., United States v. Deschally*, -F.3d- , 2001 WL 726280 (11th Cir. 2001). The Commentary Note 2 provides, in pertinent part, that "[w]hen a sentence is imposed pursuant to subsection (b), the court should adjust the sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range for the instant offense if the court determines that period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons."

The Guidelines do not, however, address credit for time served on discharged sentences for time served in state custody or time served awaiting trial on state cases inextricably intertwined with the federal case. Courts considering whether a downward departure could be awarded to allow credit for time served on discharged sentences have held that the Guidelines do not rule out a downward departure on these grounds. *See United States v. O'Hagan*, 139 F.3d 641 (8th Cir. 1997); *United States v. Blackwell*, 49 F.3d 1232 (7th Cir. 1995).

The logic of the courts allowing for a downward departure on discharged sentences should apply equally in the instant case where there was no state sentence,

3

but the Defendant was in custody since he was unable to make bond while awaiting

trial on a state case involving the underlying facts in this case. If the purpose of the

guidelines to achieve a reasonable punishment and avoid unwarranted disparity, then

logic dictates that the Defendant who was arrested and held by state authorities for

these charges should not serve more time for the instant offense than someone

arrested immediately by federal authorities.

A downward departure is the appropriate remedy to award credit for time served

on a state sentence since the power to determine time served is reserved to the Bureau

of Prisons and not the courts. *See Dawson v. Scott*, 50 F.3d 884 (11th Cir. 1995)(18

U.S.C. §3585 gives the Attorney General the discretion to determine a defendant's time

in custody prior to sentencing and this authority has ben delegated to the BOP).

## C. Departure for Sleep Apnea

The Defendant recognizes that U.S.S.G. §5H1.4 states that a physical condition

is not ordinarily relevant in determining whether a sentence should be outside the

applicable guideline range. Notwithstanding, an extraordinary physical impairment may

be a reason to impose a sentence below the applicable guideline range. The Eleventh

Circuit has held that a judge therefore may depart from the applicable sentence range

on the basis of the specific offender characteristics listed in section 5H1.1- 6 in the

extraordinary case. *United States v. Mogel*, 956 F.2d 1555 (11th Cir. 1992). The

Defendant respectfully submits that his medical condition of sleep apnea, as

documented in the PSI and further explained in the letter attached hereto as Exhibit "A"

4

constitutes an extraordinary matter outside the heartland, justifying a downward departure.

## D. Aberrant Behavior

In this circuit, a sentencing court has the discretion to depart downward on the basis of aberrant behavior if it makes "a careful factual determination that the defendant's conduct constituted a single, aberrant act." *United States v. Bush*, 126 F.3d 1298, 1301 (11th Cir.1997) (quoting *United States v. Withrow*, 85 F.3d 527, 531 (11th Cir.1996)). "[S]uch an act is not established unless the defendant is a first-time offender and the crime was a spontaneous and thoughtless act rather than one which was the result of substantial planning."

The Defendant has led an exemplary life, as is demonstrated by the outpouring of support for him. The instant offense did not involve substantial planning or preparation. Nor did the offense result from premeditation. Rather, the offense conduct occurred because the Defendant received unsolicited child pornography and neglected to delete said pornography from his computer. Accordingly, the Defendant respectfully submits that a downward departure for aberrant behavior is appropriate in this case.

CASE NO. 00-6345-CR-DIMITROULEAS

E. Conclusion

Based upon the foregoing facts and authorities, the Defendant, Garry Todd

Lefton, seeks a downward departure from the guideline range contained in his PSI.

I HEREBY CERTIFY that a true and correct copy of the foregoing was faxed and

mailed this 2nd day of August, 2001 to Kathleen Rice, Assistant United States Attorney,

500 East Broward Blvd., Suite 700, Fort Lauderdale, FL 33394.

GRILLI & CORVATO, P.A.
Attorney for Defendant
2455 Hollywood Boulevard
Hollywood, FL 33020
Tel: (954) 453-1177
Fax: (954) 453-1179

Kathleen Cooper Grilli
Florida Bar No. 727199

6

CRAIG S. SHAPIRO, D.O.

## SOUTHEASTERN EAR, NOSE, _____
## THROAT, SINUS CENTER

*EAR, NOSE, THROAT • ALLERGIC SINUS CONDITIONS*
*FACIAL PLASTIC SURGERY • HEARING AIDS*
*HEAD AND NECK SURGERY*

June 22, 2001

Judge Dimitrules
U.S. District Court
South Florida Division

RE: Gary

Dear Judge Dimitrules:

The above named is a current patient of mine. He suffers from obstructive sleep apnea syndrome, medically proven on sleep studies. He has had endoscopic sinus surgery and endonasal surgery with polyp surgery, all to improve the obstructive sleep apnea, however, he medically needs a CPAP machine for his current status.

Obstructive sleep apnea syndrome is a condition whereby a patient, while sleeping, the upper airway relaxes and obstructs airflow into the lungs. As a consequence, oxygen levels in the blood desaturate enough to trigger a neurologic response for the patient to wake up and take a better breath of air and fall back asleep. This cycle can happen up to 50 to 60 times per night and patients are not well rested secondary to constantly waking. The treatment for obstructive sleep apnea is a CPAP machine, which blows positive air pressure into the nose and throat, keeping the throat open and forcing air into the upper airway and into the lungs. It is medically necessary for him to use the CPAP machine.

If you have any questions, please feel free to contact me.

Sincerely,

Craig S. Shapiro, D.O.
Southeastern Ear, Nose, Throat
and Sinus Center
CSS/jc

10071 PINES BOULEVARD • SUITE C • PEMBROKE PINES, FL 33024 • (934) 437-5333
3702 WASHINGTON STREET • SUITE 403 • HOLLYWOOD, FL 33021 • (954) 894-9400

Exhibit "A"